UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ADP, Inc. : | Case No.: 1:11-cv-00361-LY |
| a Delaware corporation : | |
|     Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| NATIONAL MERCHANT ALLIANCE, LLC : | |
| A Nevada limited liability company : | |
|     Defendants : | |
| : | |

**ADP, Inc.'s Original Answer to Counterclaim**

To the Honorable Judge of Said Court:

ADP, Inc. ("ADP") respectfully submits this Original Answer to the Counterclaim filed by National Merchant Alliance, LLC ("NMA"):

1. ADP admits that it is in the business of supplying dealer management systems to motorsports and recreational vehicle dealers which includes software, and otherwise denies paragraph 29 of the Counterclaim.

2. ADP admits that NMA and its subsidiaries are engaged in the business of providing credit card, debit and check processing, and software services, and otherwise denies paragraph 30 of the Counterclaim.

3. ADP admits paragraph 31 of the Counterclaim.

4. ADP admits that it entered into the Alliance Partner Reseller Agreement, and that its duties were non-exclusive, but otherwise denies paragraph 32 of the Counterclaim.

5. ADP admits that it entered into the Alliance Partner Reseller Agreement , which includes a statement that ADP had the discretion to promote NMA products and services, and which further provides that ADP 's relationship with NMA was non-exclusive. Otherwise, the allegations of Paragraph 33 of the Counterclaim are denied.

6. ADP admits that paragraph 2.4(i) contains language set out in paragraph 2.4 which addresses the non-exclusive nature of the relationship and further addresses solicitation in the terms set out in Paragraph 2.4, and otherwise denies Paragraph 34 of the Counterclaim.

7. ADP admits that paragraph 7.4(b) contains language which addresses the duties of both parties regarding confidential information, and otherwise denies paragraph 35 of the Counterclaim.

8. ADP admits that Paragraph 7.4 of the Agreement contains language which addresses the use of the parties' confidential information, and otherwise denies paragraph 36 of the Counterclaim.

9. ADP admits that Paragraph 7.4 of the Agreement contains language relating to access to the Partner Portal as set out in that Agreement, and otherwise denies Paragraph 37 of the Counterclaim.

10. ADP admits that after the agreement was signed, ADP clients were referred to NMA, and otherwise denies paragraph 38 of the Counterclaim.

11. ADP admits that it is informed and believes that NMA had arrangements with credit card processing companies. ADP admits that it is informed and believes that some credit card clients entered into merchant agreements with credit card processing

companies. ADP lacks the knowledge or information sufficient to form a belief about the remaining allegations of Paragraph 39 of the Counterclaim, and those allegations are denied.

12. ADP lacks the knowledge or information sufficient to form a belief about the allegations of Paragraph 40, and those allegations are denied.

13. ADP lacks the knowledge or information sufficient to form a belief about the allegations of Paragraph 41, and those allegations are denied.

14. In response to Paragraph 42 of the Counterclaim, ADP admits that it created a new software product which permits a dealer to obtain dealer management system services on an ASP basis. The remainder of Paragraph 42 of the Counterclaim is denied.

15. In response to Paragraph 43 of the Counterclaim, ADP admits that NMA was not originally integrated into the new product developed by ADP to provide dealer management system services on an ASP basis, but otherwise, paragraph 43 of the Counterclaim is denied.

16. In response to paragraph 44 of the Counterclaim, ADP pleads that if it chose to integrate NMA into ADP's software products which provided dealer management system services to NMA, then ADP would have had to expend funds to do so. ADP admits that with the expenditure of funds to develop new software, ADP could develop an integration solution for NMA. The remainder of Paragraph 44 of the Counterclaim is denied.

17. ADP admits that NMA was not initially integrated into the ASP solution, but otherwise denies Paragraph 45 of the Counterclaim.

18. ADP admits that an integration into the ASP solution for ADP dealer management system services was developed for Mercury Payment Systems, LLC, but otherwise denies Paragraph 46 of the Counterclaim.

19. ADP admits paragraph 47 of the Counterclaim.

20. ADP denies paragraph 48 of the counterclaim.

21. ADP denies paragraph 49 of the Counterclaim.

22. ADP denies paragraph 50 of the Counterclaim.

23. ADP denies paragraph 51 of the Counterclaim.

24. ADP denies paragraph 52 of the Counterclaim.

25. ADP denies paragraph 53 of the Counterclaim.

26. ADP admits that NMA was not integrated with the ASP solution for providing dealer management system services to dealers, but otherwise denies paragraph 54 of the Counterclaim.

27. ADP denies paragraph 55 of the Counterclaim.

28. ADP denies paragraph 56 of the Counterclaim.

29. ADP denies paragraph 57 of the Counterclaim.

30. ADP denies paragraph 58 of the Counterclaim, except that ADP admits that NMA was not initially integrated with the ASP solution for providing dealer management system services to dealers.

31. ADP denies paragraph 59 of the Counterclaim.

32. ADP denies paragraph 60 of the Counterclaim.

33. ADP denies paragraph 61 of the Counterclaim.

34. ADP denies paragraph 62 of the Counterclaim.

35. ADP denies paragraph 63 of the Counterclaim.

36. ADP denies paragraph 64 of the Counterclaim.

37. ADP denies paragraph 65 of the Counterclaim.

38. ADP admits that it charges fees to its clients, and that some of its clients have business relationships with Mercury. The remainder of Paragraph 66 of the Counterclaim is denied.

39. ADP admits that Defendant sent Plaintiff a letter dated October 25, which is Exhibit B, but otherwise denies the allegations of Paragraph 67 of the Counterclaim.

40. ADP denies Paragraph 68 of the Counterclaim.

41. ADP admits that NMA purported to terminate via Exhibit D, but denies that NMA had the right to terminate, and otherwise denies Paragraph 69 of the Counterclaim.

42. In response to paragraph 70 of the Counterclaim, ADP reincorporates its response to the paragraphs of the counterclaim above.

43. ADP admits that the parties entered into a contract, which NMA has breached. ADP is entitled to enforce the contract, but not NMA. The remainder of paragraph 71 of the Counterclaim is denied.

44. ADP denies paragraph 72 of the Counterclaim.

45. ADP denies paragraph 73 of the Counterclaim.

46. ADP denies paragraph 74 of the Counterclaim.

47. ADP denies paragraph 75 of the Counterclaim.

48. In response to paragraph 76 of the Counterclaim, ADP incorporates the paragraphs above by reference.

49. ADP is without knowledge or information sufficient to form a belief as to whether NMA is a third party beneficiary of any Merchant Agreements, and denies Paragraph 77 of the Counterclaim.

50. ADP denies Paragraph 78 of the Counterclaim.

51. ADP denies Paragraph 79 of the Counterclaim.

52. ADP denies Paragraph 80 of the Counterclaim.

53. ADP denies Paragraph 81 of the Counterclaim.

54. ADP denies paragraph 82 of the Counterclaim.

55. In response to paragraph 83 of the Counterclaim, ADP incorporates by reference the paragraphs above.

56. ADP is without knowledge or information sufficient to permit ADP to from a belief as to whether NMA would enter into business relationships with third persons, and the allegation is so vague as to provide no context for the allegation. ADP accordingly denies Paragraph 84 of the Counterclaim.

57. ADP denies Paragraph 85 of the Counterclaim.

58. ADP denies Paragraph 86 of the Counterclaim.

59. ADP denies Paragraph 87 of the Counterclaim.

60. ADP denies Paragraph 88 of the Counterclaim.

61. ADP denies Paragraph 89 of the Counterclaim.

62. In response to paragraph 90 of the Counterclaim, ADP incorporates by reference the paragraphs above.

63. ADP denies paragraph 91 of the Counterclaim.

64. ADP denies paragraph 92 of the Counterclaim.

65. ADP denies paragraph 93 of the Counterclaim.

66. ADP denies paragraph 94 of the Counterclaim.

67. ADP denies paragraph 95 of the Counterclaim.

68. ADP denies paragraph 96 of the Counterclaim.

69. ADP denies paragraph 97 of the Counterclaim.

70. In response to paragraph 98 of the Counterclaim, ADP incorporates by reference the paragraphs above.

71. ADP denies paragraph 99 of the Counterclaim.

72. ADP denies paragraph 100 of the Counterclaim.

73. ADP denies Paragraph 101 of the Counterclaim.

74. ADP denies paragraph 102 of the Counterclaim.

75. ADP denies paragraph 103 of the Counterclaim.

76. ADP denies paragraph 104 of the Counterclaim.

77. ADP denies paragraph 105 of the Counterclaim.

78. ADP denies paragraph 106 of the Counterclaim.

79. In response to paragraph 107, ADP incorporates by reference the paragraphs above.

80. ADP is without knowledge or information sufficient to admit or deny paragraph 108 of the Counterclaim, and accordingly denies this paragraph.

81. ADP denies paragraph 109 of the Counterclaim.

82. ADP denies paragraph 110 of the Counterclaim.

83. ADP denies paragraph 111 of the Counterclaim.

84. ADP denies paragraph 112 of the Counterclaim.

85. ADP notes that paragraph 113 is a jury demand, which requires neither admission nor denial.

86. ADP denies that Defendant is entitled to any relief through its counterclaim.

87. ADP denies all allegations of the Counterclaim not expressly admitted by this Answer to Counterclaim.

## Special Defenses

### First Defense: Bar by Agreement

88. The agreement between NMA and ADP attached as Exhibit "A" to the Complaint in this action contains an express bar upon actions for tortious interference with contract. Nonetheless, Defendant NMA has improperly filed purported causes of action for tortious interference with contract and for tortious interference with business advantage. Both the causes of action are barred. The parties expressly agreed that the sole remedy with respect to any customer switching from NMA to another service was set forth in Paragraph 2.4 of the Agreement. Further, NMA seeks to file a suit to recover contractual and other damages beyond the sole remedy to which it agreed, when it agreed not to do so. Paragraph 2.4 contains a sole remedy clause which governs this issue, and NMA has not met the conditions to recover under the

remedy. NMA's attempt to file a suit which pleads causes of actions barred by this clause is meritless.

### Second Defense: Exculpatory Language in the Parties' Agreement

89. The parties agreement, which is attached as Exhibit "A to the Complaint and incorporated herein by reference, expressly bars claims, including, without limitation, paragraph 7.14 of the parties' agreement.

90. In addition, the parties expressly agreed that NMA would not bring actions for tortious interference. NMA agreed to a sole remedy clause, which it cannot now avoid. NMA has nonetheless, in violation of the remedy clause, sought inappropriately to bring actions in tortious interference and to seek sums for solicitation in violation of Paragraph 2.4 in violation of the "sole remedy" language of paragraph 2.4.

### Third Defense: Statutory Limitations on Exemplary Damages

91. ADP asserts the benefit of statutory limitations on exemplary damages. Pursuant to the Texas Civil Practice and Remedies Code, exemplary damages are not available for the conduct alleged in the Counterclaim. Further, statutory caps apply to the amount of exemplary damages which may be sought or awarded.

### Fourth Defense: Constitutional Limitations on Exemplary Damages

92. The United States Constitution and the Texas Constitution, and in particular, without limitation, the due process clause, bar excessive exemplary damages claims.

## Fifth Defense: Offsets

93. ADP has substantial offsets against NMA, including, but not limited to, offsets for sums earned by ADP under the parties' agreement, but not paid by NMA. In addition, ADP seeks an offset for amount spent by ADP developing an application to integrate NMA into ADP's software.

94. ADP has further offsets and credits arising from residuals due to ADP.

## Sixth Defense: Prior Breach of the Agreement

95. NMA is barred from seeking any relief under the agreement(s) in issue, because NMA is in prior breach of the agreement(s).

## Seventh Defense: Rule 12(b)(6): Failure to State a Claim

96. The Counterclaim fails to state a claim upon which relief may be granted.

## Eighth Defense: Failure of Conditions Precedent

97. NMA failed to satisfy the conditions required to bring this suit, including, without limitation, each of the following conditions precedent:

   A. The condition precedent that NMA be in compliance with the agreement prior to seeking to sue upon the agreement;

   B. The condition precedent contained in 6.2 that NMA give notification of any material breach.

   C. The condition precedent that NMA had the right to terminate under Section 6.2(a) only if ADP failed to cure a material breach after written notification;

   D. The condition precedent that NMA shall make payments due under the Agreement;

E.  The condition precedent that NMA shall make its Partner Portal available. In this case, prior to the termination, NMA denied ADP access to its Partner Portal.

F.  The purported notification which NMA sent did not comply with the requirements of the agreement. NMA made a demand upon ADP to perform acts not required by the agreement. NMA further did not give proper notice of the steps required to cure any alleged breaches of the agreement. NMA's notice failed to give proper notice under the terms of the agreement and under Texas Civil Practice and Remedies Code Section 38.001.

### Ninth Defense: Ambiguous Agreement

98. The agreement between the parties contains the use of a number of different terms such as "partner", "agent", and "independent contractor". The terms partner and agent are used in a context different than their customary legal meaning. This renders the use of these terms ambiguous. The agreement should be interpreted to create an independent contract agreement.

### Tenth Defense: No Cause for Termination

99. NMA purported to terminate the agreement in issue in this matter. No basis existed for the termination. ADP, Inc. was not in breach, or, alternatively, any breach was insufficiently material to justify a termination. NMA's termination of the agreement was wrongful. Because no cause existed for termination, ADP is entitled to receive the compensation set forth in Paragraph 5.1 of the agreement and the related exhibits.

### Eleventh Defense: No Duty to Integrate

100.    ADP had no contractual duty to integrate NMA into its ASP solution.

**Twelfth Defense: Immaterial Breach**

101. In the alternative, even if ADP committed any breach of the agreement, which ADP denies, then such a breach was an immaterial breach which did not justify termination.

**Thirteenth Defense: Failure to provide Workmanlike Services**

102. NMA had a duty to perform its services under the Agreement in a good and workmanlike manner. NMA failed to perform its duties in a good and workmanlike manner. ADP was entitled to exercise its rights in light of these breaches by NMA.

**Fourteenth Defense: Breach through Retention of Funds**

103. NMA had a duty to pay sums due under the Agreement to ADP. NMA instead wrongfully withheld fully earned funds from ADP. This constituted a breach by NMA, and further gave ADP a right to recover those sums.

**Fifteenth Defense: Estoppel**

104. NMA made statements to ADP about its intentions to perform and to accept ADP's performance upon which ADP relied. NMA is estopped to take conduct contrary to those statements, and is further estopped to terminate the agreement and estopped to withhold sums due to ADP.

105. NMA is estopped to assert any grounds for termination other than those grounds set forth in the notice of default.

**Sixteenth Defense: Waiver**

106. NMA waived its claims and waived any right to terminate in this matter.

107. NMA has waived any grounds for termination other than those grounds set forth in the notice of default.

### Seventeenth Defense: Mitigation of Damages

108. NMA failed to mitigate its damages, if any, in this matter.

### Eighteenth Defense: Privilege

109. ADP's conduct in this matter is privileged. The following privileges exist in this matter:

   A. ADP has the privileges set forth in the agreement with NMA;

   B. ADP has the privilege of competition; and

   C. ADP has the privilege to exercise its contractual rights.

### Nineteenth Defense: Truth

**110.** ADP denies that it made false statements as alleged. The statements which ADP did make, if any, were true.

### Twentieth Defense: First Amendment

111. ADP asserts the protections of the First Amendment of the United States Constitution, including, without limitation, those protections afforded against defamation claims by public figures.

### Twenty First Defense: No Malice

112. ADP did not act with malice.

### Twenty Second Defense: Contractual Bar for Tortious Interference and Similar Claims

113. Paragraph 2.4 of the Agreement contains the following language: "Without limiting the foregoing, NMA agrees that it shall not commence any action whatsoever in which it accuses Partner of tortious interference or similar conduct". In direct violation of this provision, NMA has now lodged a number of causes of action which violate this provision. NMA is hereby requested to immediately dismiss these allegations, in light of its agreement that it shall not commence such an action.

### Twenty Third Defense: Failure to Provide Reporting

114. NMA failed to provide the monthly reporting required by Paragraph 2.6 of the Agreement, and denied ADP access to the portal reporting tool.

115. NMA should be required to account for the sums due to ADP.

### Twenty Fourth Defense: Failure of Consideration

116. NMA failed to perform its part of the Reseller Agreement, resulting in a partial failure of consideration. NMA cannot now seek to enforce the Agreement.

117. NMA failed to remit sums due under the Agreement, and cannot now seek to enforce the Agreement.

### Twenty Fifth Defense: Failure to Give Proper Notice

118. NMA's notice of breach, notice of termination, and Section 38.001 fail to give notice of the alleged conduct by ADP, nor notice of steps required by the contract to cure the alleged default. Instead, these letters demand matters from ADP not covered

by the contract, and make assertions about ADP not asserted by the facts. No termination nor attorneys' fee claim can be based upon the notices provided.

### Twenty Sixth Defense: Promissory Estoppel

119. NMA made statements relied upon by ADP concerning the contract in issue, particularly its continuation. NMA is estopped from taking action inconsistent with those statements.

### Twenty Seventh Defense: Defendant's Fault

120. ADP is not liable to NMA because NMA's own acts or omissions proximately caused or contributed to NMA's injury.

### Twenty Eighth Defense: Proportionate Responsibility

121. ADP reserves the right to show reduction of damages under any applicable proportionate responsibility statute.

### Twenty Ninth Defense: Justification

122. ADP asserts that its actions were justified as it was entitled to exercise its contractual rights.

### Thirtieth Defense: Termination by NMA and the Term of the Agreement

123. NMA's wrongful termination of the agreement breached the agreement. NMA's failure to cure the agreement gave ADP the right to terminate the agreement for cause. In the alternative, NMA seeks to posit a duty on paragraph 2.4 of the agreement regarding non-solicitation. Paragraph 2.4's provisions do not contain a requirement that ADP refrain from solicitation after NMA terminates the agreement. Further, Paragraph 2.4 only provides that ADP shall not solicit "during the term of the

Agreement". Even if the agreement's term were followed, this term is limited to that term set forth in Article 4. This term has expired pursuant to Paragraph 4.1, as did the requirement not to solicit during the term as set forth in Paragraph 2.4.

Wherefore, premises considered, ADP, Inc. requests that the Counterclaim be dismissed with prejudice, that NMA take nothing, that ADP obtain an award of the damages caused by NMA, as well as ADP's attorneys' fees and costs, and that ADP obtain all other just and equitable relief.

Respectfully Submitted,

Wisener ✯ Nunnally ✯ Gold, L.L.P

By: <signed>Robert H. Nunnally, Jr.<s>
    Robert H. Nunnally, Jr.
    TX SBN 15141600
    Michael Roth
    TX SBN 24070531
625 W. Centerville Road, Suite 110
Garland, Texas 75041
(972) 840 9080 – Telephone
(972) 840 6575 – Facsimile
*Attorneys for ADP, Inc.*

## Certificate of Service

I certify that on June 15, 2011, I electronically filed the foregoing with the Clerk of Court using CM/ECF system. The foregoing document was served electronically, through CM/ECF, or by certified mail, return receipt requested on June 15, 2011, on the following:

Law Office of Emily Frost
Emily Frost, Esq.
711 W. 7th Street
Austin, Texas 78701

Wilson Trosclair & Lovins, PLLC
Michael Lovins
P.O. Box 92464
Austin, Texas 78709

/s/Michael Roth
Michael Roth