IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADP, INC. | § | |
| | § | |
| V. | § | CAUSE NO. A-11-CV-361 LY |
| | § | |
| NAT'L MERCHANT ALLIANCE, LLC | § | |

### ORDER

Before the Court are National Merchant Alliance, LLC's Opposed Motion for Leave to Take Additional Depositions, filed on March 30, 2012 (Clerk's Docket No. 37); ADP, Inc.'s Response, filed on April 10, 2012 (Clerk's Docket No. 44); and National Merchant Alliance, LLC's Reply, filed on April 13, 2012 (Clerk's Docket No. 49).

In May 2008, ADP, Inc., ("ADP") entered into a Merchant Reseller Agreement with National Merchant Alliance, LLC ("NMA") in which ADP agreed to refer merchants to NMA for credit card processing services. In return, NMA agreed to pay ADP a percentage of NMA's revenue derived from the referred merchants, called "Partner Merchants." On May 2, 2011, ADP filed the instant lawsuit alleging that NMA breached the Agreement by failing to account for and pay the sums due under the Agreement. In response, NMA alleges that ADP violated the Agreement by systematically soliciting Partner Merchants to use the services of a competitor of NMA, in direct violation of the Agreement. NMA also claims that ADP made false statements about NMA which caused "nearly every Partner Merchant" to discontinue its relationship with NMA. Motion at p.2. NMA has filed several counterclaims against ADP, including breach of contract, breach of fiduciary duties, business disparagement and tortious interference.

NMA has now filed the instant motion seeking leave to take 465 depositions on written questions of those Partner Merchants who cancelled their contracts with NMA. ADP opposes the

Motion, arguing that taking 465 depositions upon written questions is unreasonably cumulative and duplicative. The Court agrees.

Pursuant to Rule 31(a)(2)(A)(i), "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2)" if the party is seeking to take more than 10 depositions. FED. R. CIV. P. 31(a)(2)(A)(i). While a court in its discretion may permit the taking of more than 10 depositions, courts are to limit relevant discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Martinez v. Menchaca*, 2008 WL 5060322 at * 2 (S.D. Tex. Nov. 24, 2008). NMA has failed to demonstrate that it needs to take the deposition of each and every one of the 465 Partner Merchants that canceled their contracts with NMA. Surely a representative sample of these Partner Merchants would be sufficient to provide NMA with evidence to support their counterclaims in this case. Accordingly, National Merchant Alliance, LLC's Opposed Motion for Leave to Take Additional Depositions (Clerk's Docket No. 37) is GRANTED IN PART and DENIED IN PART. The Court DENIES NMA's request to take 465 depositions on written questions of those Partner Merchants who cancelled their contracts with NMA. However, the Court will permit NMA to take a maximum of 30 depositions on written questions for a representative sample of the aforesaid Partner Merchants.

SIGNED this 30th day of April, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE