IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ADP, INC. | § | |
| | § | |
| V. | § | NO. A-11-CV-361 LY |
| | § | |
| NAT'L MERCHANT ALLIANCE, LLC | § | |

**ORDER**

Before the Court are Plaintiff's Opposed Motion Under Rule 26(c) to Quash with Regard to the Notice of Intention to Take Deposition by Written Questions as to 30 Merchants and, in the Alternative, for a Protective Order, filed on May 30, 2012 (Clerk's Docket No. 96), Defendant's Response filed on June 6, 2012 (Clerk's Docket No. 107) and Plaintiff's Reply filed on June 13, 2012 (Clerk's Docket No. 112).

**I. GENERAL BACKGROUND**

In May 2008, ADP, Inc., ("ADP") entered into a Merchant Reseller Agreement with National Merchant Alliance, LLC ("NMA") in which ADP agreed to refer merchants to NMA for credit card processing services. In return, NMA agreed to pay ADP a percentage of NMA's revenue derived from the referred merchants, called "Partner Merchants." ADP has filed the instant lawsuit alleging that NMA breached the Agreement by failing to account for and pay monies due under the Agreement. NMA alleges in response that ADP violated the Agreement by systematically soliciting merchants to use the services of NMA's competitor, in direct violation of the Agreement. NMA claims that ADP's actions caused "nearly every Partner Merchant" to discontinue its relationship with NMA. NMA has filed several counterclaims against ADP, including breach of contract, breach of fiduciary duties, business disparagement and tortious interference.

On March 30, 2012, NMA filed a Motion for Leave to take 465 depositions on written questions of Partner Merchants that cancelled their contracts with NMA.  On April 30, 2012, this Court denied NMA's request to take the 465 depositions, but permitted NMA to take 30 of those depositions on written questions in order to obtain "a representative sample" of the Partner Merchants' testimony.  *See* April 30, 2012 Order (Clerk's Docket No. 59).   Both Parties filed objections to the ruling with the district judge.  *See* Clerk's Docket Nos. 72 and 74.  On, May 15, 2012, the district judge overruled the parties' objections and affirmed the undersigned's ruling.  Clerk's Docket No. 75.  Apparently unhappy with even 30 depositions taking place, ADP has now filed a Motion to Quash NMA's Notice of Intention to Take Depositions by Written Questions of 30 of the Partner Merchants.

## II.  ANALYSIS

In its motion, ADP argues that the depositions on written questions should be quashed because the notices were untimely and failed to give ADP sufficient notice, and further because the questions seek information that is irrelevant to this lawsuit.  ADP further requests that the depositions be conducted by oral examination instead of by written questions.  These arguments are all without merit.

First, in its prior Order, the Court specifically granted NMA permission to take 30 depositions of selected Partner Merchants by written questions.  Thus, any arguments as to the relevance or breadth of the material sought in the depositions is now moot.  Further, ADP's objections to the form of the questions NMA asks is out of place at this point.  Just as an objection to the form of a question in an oral deposition is not ruled upon until trial, ADP's concerns about the

phrasing of some of NMA's questions can be made at the time of trial if necessary.[1] Similarly, ADP's alternative argument that the depositions should be conducted by oral examination instead of by written questions is baseless, and untimely. The original request was to take depositions on written questions, and the Court permitted the depositions, though in a smaller number. If ADP felt the written format was improper, it should have said so at the time it objected to the original notices. ADP's piecemeal approach to objecting is inappropriate. Moreover, if ADP wished to have oral depositions of these customers, it was free to have noticed them during the discovery period. It did not, and thus it is in no position to object to the manner in which NMA has chosen to conduct this discovery. Finally, ADP's complaint about the amount of time between the service of the notices and the taking of the depositions also fails. NMA issued its notices on the very same day – May 15, 2012 – that the District Court affirmed this Court's ruling permitting NMA to take the 30 depositions on written questions. NMA could not have submitted the notices any sooner. Further, because ADP has served its cross-questions on NMA, ADP's objection to NMA's shortening of the response time is moot.

---

[1] ADP repeatedly complains that NMA's questions are leading. A leading question is "[a] question that suggests the answer to the person being interrogated; *esp.*, a question that may be answered by a mere 'yes' or 'no.'" Black's Law Dictionary (9th ed. 2009). The important part of this definition is the word "mere." Although "Was the light red?" can be answered with a "yes" or "no," no one would contend that it is a leading question. This is because it is possible that a full answer would take more than "yes" or "no," such as "No, it was yellow." The same can be said of many of the questions that ADP complains are leading, such as: "Did ADP ask ADVANTAGE POWERSPORTS to switch from NMA Services to Mercury Services?" Thus, the Court disagrees with ADP that the questions asked are leading, and, even if they are, ADP's remedy is an objection to the admissibility of the question should it be offered by NMA at trial.

Based upon the foregoing, Plaintiff's Opposed Motion Under Rule 26(c) to Quash with Regard to the Notice of Intention to Take Deposition by Written Questions as to 30 Merchants and, in the Alternative, for a Protective Order (Clerk's Docket No. 96) is **DENIED.**

SIGNED this 3rd day of July, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE